Kristen E. Smith  
Corporation Counsel

Joseph W. Barry, III  
First Assistant Corporation Counsel

Christina F. DeJoseph  
Senior Assistant Corporation Counsel

Catherine E. Carnrike  
Meghan E. Ryan  
Amanda R. Harrington  
John C. Black, Jr.  
Kathryn M. Ryan  
Ramona L. Rabeler  
Erica T. Clarke  
Todd M. Long  
Khalid Bashjawish



## OFFICE OF THE CORPORATION COUNSEL

BEN WALSH, MAYOR

September 27, 2018

*Via Electronic Filing*

Honorable Brenda K. Sannes  
Federal Building and U.S. Courthouse  
P.O. Box 7345  
Syracuse, NY 13261-7345

    Re:    Elijah Johnson v. City of Syracuse, et al.  
           Civil Action No.: 5:16-cv-0622

Dear Judge Sannes:

    I am writing to follow up following yesterday's telephone conference wherein Defendants respectfully requested an adjournment of trial, which is currently scheduled for November 13, 2018.

    Please be advised that Officer Mims anticipates becoming available a few days prior to the start of trial. However, due to the nature of his unavailability, it is possible he may continue to be unavailable through the time of trial. For the same reason, it is not possible to schedule a video deposition of him prior to trial. Therefore, Defendants request a one month adjournment of trial to ensure his presence and to avoid a last-minute request in the event Officer Mims remains unavailable during that time.

    Defendants can be ready to proceed on December 17 or anytime in January 2019. If the Court is willing to grant Defendants' request but those dates are not convenient, I would have to confirm and coordinate availability of my clients and Officer Mims beyond January 2019.

    As I indicated during yesterday's conference, Defendants did not anticipate this issue but brought it to the Court's attention as soon as it became known. It is our position that Officer Mims is a key disinterested non-party eye witness in this case. While Mr. Lichtmacher stated that there were "several" officers in the back yard where his client was arrested, the only officers who have been identified as being present when Plaintiff was taken into custody were the three named defendant officers (Defendants Mauro, LaShomb and Quonce) along with Officer Mims, who was stipulated out of this case. (Dkt. 53). None of the other originally named officers (Officers Gunsalus and Kelley) were present when Plaintiff was arrested and the "unnamed officers" were dismissed out of the case because they were never identified. (Dkt. 68). In other words, Officer Mims is the only non-party eye witness present in the backyard where Plaintiff was arrested who is expected to provide favorable testimony for the defense.

More specifically, Defendants expect Officer Mims to testify, among other things, that he was one of the first officers present on scene in the backyard on Miles Avenue in the City of Syracuse where he encountered Plaintiff and his friends in a vehicle parked in the driveway. He can testify as to his interactions with the occupants of the vehicle, including the manner in which each of those individuals were removed from the vehicle and placed into custody. He did not provide any deposition testimony on that topic, and we anticipate that his version of those events will be very different than the testimony that Plaintiff and his friends will provide. A copy of the transcript of Officer Mims' deposition testimony is attached for the Court's reference.

Further, and more significantly, Officer Mims is also expected to testify that from where he was standing, he would have been able to see if Plaintiff was dragged to the grassy area next to the garage and "beaten" as Plaintiff alleges. Beyond his testimony that he did not witness any use of force against Plaintiff, Officer Mims was not questioned during his deposition about Plaintiff's allegation that two officers dragged him by his shoulders, while handcuffed, to the area next to the garage where he was beaten by several officers. Plaintiff along with other vehicle occupants will undoubtedly testify to that effect at trial, while the Defendant officers offer a starkly different version of the events. The same can be said for Plaintiff's allegation that he was punched in the nose after the alleged beating by the garage. Those are two significant areas of questioning that the defense would explore at trial, particularly with a disinterested non-party eye witness like Officer Mims. Officer Mims may also provide testimony about Plaintiff's appearance (in addition to what he stated during his deposition) after he was taken into custody that may support the defense. It is respectfully submitted that the jury should be permitted to hear Officer Mims's live testimony in that regard, particularly as those factual disputes directly impact whether there will be liability in this case.

Simply put, Officer Mims is critical to the defense and there is no adequate substitute for his live testimony which will undoubtedly expand on his deposition testimony. Given that the defense made the request as soon it became aware of his unavailability with almost two months' notice before trial, it is respectfully submitted that an additional month is reasonable and necessary to prepare a full and complete defense at trial. While Defendants certainly do not want to cause inconvenience to the Court or opposing counsel, we cannot compromise our defense of this case.

The Court's time and attention to this matter is greatly appreciated. Please do not hesitate to contact the undersigned with any questions or concerns.

Respectfully submitted,

Christina F. DeJoseph, Esq.
Senior Assistant Corporation Counsel

CFD/
Enc.

cc:   Fred Lichtmacher, Esq.