# THE LAW OFFICE OF
# FRED LICHTMACHER, P.C.

116 WEST 23RD STREET - SUITE 500
NEW YORK, NEW YORK 10011

TELEPHONE:  (212) 922-9066
FACSIMILE:   (212) 922-9077

September 28, 2018

Honorable Judge Brenda K. Sannes
Federal Building and U.S. Courthouse
P.O. Box 7345
Syracuse, 13261-7345
**Via ECF**

      Re:  <u>Elijah Johnson v. City of Syracuse et. al.</u> 16-CV-0622

Your Honor:

  I represent the plaintiff in the above-entitled civil rights matter. I write in response to the defendants' letter dated September 27, 2018 in opposition to defendants' application to adjourn the trial.

**Officer Mims Did Not Have a Good View of the Incident**
  Defendants' arguments for an enlargement are off point. Ironically, the witness defendants want to adjourn the trial to accommodate, based on defense counsel's own submission, had a horrible view of the incident. In defendants' Statement of uncontested facts they write: "Officer Mims approached the passenger side of the vehicle. (See Ex. "H", pp. 13-15)." According to quite literally all the witnesses and parties, that would put the very large Cadillac between Officer Mims and the scene of where, according to all sources, the incident occurred. Adding to the fact that additional testimony from this witness is irrelevant is the following:

  4 A. Where I was standing on the side of the
  5 vehicle, all I could hear was verbal commands, because I
  6 was keeping my focus on the remaining occupants of the
  7 vehicle.
  8 Q. You were the only officer keeping your eyes
  9 on the remaining occupants of the vehicle, or was
  10 someone else helping you?
  11 A. On my side, it was just me.
  Mims Dep tr.  p. 32 lines 4-11

**Officer Mims Testified at His Deposition That He Did Not Witness Any Use of Force**
  When Officer Mims was asked if he witnessed any use of force on that day, Officer Mims responded "No I did not sir." p. 11 lines 9-11.

1

Defendants argue that Officer Mims is the only non-party eye witness who is expected to provide favorable testimony for the defense. However, what the defendants fail to remind the Court of, is that the favorable testimony was given already in his deposition.

### The Manner in Which the Witnesses Were Removed from the Car Is Irrelevant

Another argument defendants make is that Officer Mims could testify as to the manner in which each of the young men was removed from the car. This simply is not a material issue in this matter. Plaintiff does not allege he is injured in the process of being removed from the car and how the others were removed is ultimately of no moment to plaintiff's excessive force claim. Nor, according to Mims own testimony, would he have been in a good position to see how the plaintiff was removed from the car.

### Officer Mims Is not a Disinterested Witness

Defendants' assertion that Officer Mims is a "disinterested witness" is specious. Black's Law Dictionary 5th Edition, defines a disinterested witness as one who has no interest in the cause or matter in issue, and who is lawfully competent to testify. While plaintiff does not contest Officer Mims' competence to testify, he is clearly not disinterested. The record makes clear, he, as do all the other officers in this matter, works for the Syracuse Police Department; he works patrol with the defendants; on the night in question he was working on the same shift; he and defendant LaShomb worked together up to the night before his deposition; and Officer Mims admits that he and defendant LaShomb are "close friends". (Mims p 16 lines 4-18).

If the point of Officer Mims proposed testimony is that he intends to say plaintiff was not handcuffed when the use of force (which Officer Mims at his deposition, contends he did not see) takes place, in sum and substance, all the other officers contend he was not handcuffed and the witnesses contend he was. One more witness for the defense saying what all the other defense witnesses say should not necessitate adjourning this trial.

### Conclusion

There is no reason to disrupt the scheduled trial date for Officer Mims' testimony to be taken again. Between Officer Mims having testified he did not see any use of force; that he was focusing on the occupants of the car; and that he had a large vehicle between himself and the incident, it is hard to imagine what new information Officer Mims has to offer in a case which *only* alleges the use of excessive force. Additionally, Officer Mims testified at a deposition at which he was examined by both sides, at the criminal trial and as counsel alluded to he was available to assist during the drafting of defendants' summary judgment motion.

Lastly, while plaintiff staunchly opposes an adjournment, the newly proposed dates simply do not work for the plaintiff. During the proposed December dates I will be on trial in New York County Supreme Court in James v NYC et al, 157296/201417. As for the proposed January dates, that will interfere with my current schedule as well with matters, I am informed, I

2

cannot adjourn.

                              Respectfully submitted,

                              Fred Lichtmacher

cc:    Christina F. DeJoseph, Esq.
        Assistant Corporation Counsel
        **via ECF**