Kristen E. Smith
Corporation Counsel

Joseph W. Barry, III
First Assistant Corporation Counsel

Christina F. DeJoseph
Senior Assistant Corporation Counsel

Catherine E. Carnrike
Meghan E. Ryan
Amanda R. Harrington
John C. Black, Jr.
Kathryn M. Ryan
Ramona L. Rabeler
Erica T. Clarke
Todd M. Long
Khalid Bashjawish
Janet M. Fall



OFFICE OF THE CORPORATION COUNSEL

BEN WALSH, MAYOR
October 25, 2018

*Via Electronic Filing*

Honorable Brenda K. Sannes
Federal Building and U.S. Courthouse
P.O. Box 7345
Syracuse, NY 13261-7345

    Re:    Elijah Johnson v. City of Syracuse, et al.
             Civil Action No.: 5:16-cv-0622

Dear Judge Sannes:

    I am writing in response to Mr. Lichtmacher's request for discovery regarding Officer Mims, a non-party witness who is expected to testify at trial. Defendants note that discovery is and has been closed. Even if discovery were open, Officer Mims's disciplinary file is not only confidential, but it is completely irrelevant to what he witnessed, or did not witness, when Mr. Johnson was arrested in July, 2014. *See* N.Y. Civ. Rts. Law § 50-a; Fed. R. Civ. Proc. 26(b)(1); Fed. R. Evid. 401, 402. Assuming but not conceding that the information sought is remotely relevant, it is respectfully submitted that any evidence obtained would have to be excluded from trial as highly prejudicial to the named defendants, as well as confusing and misleading. *See* Fed. R. Evid. 403.

    Furthermore, the rules of evidence clearly dictate that only *felony convictions*, as opposed to *arrests* on misdemeanor charges, may be used to impeach a witness. *See* Fed. R. Evid. 404, 608, 609. The pending charges, for which Officer Mims enjoys a presumption of innocence, do not bear on his character for truthfulness or untruthfulness. *Id.* The fact that he happens to be a police officer does not negate the presumption of innocence or make his personnel/disciplinary records relevant to this case. *See* Fed. R. Evid. 401, 402.

    For the foregoing reasons, it is respectfully submitted that Plaintiff's request should be denied. We appreciate the Court's time and attention to this matter. Please do not hesitate to contact the undersigned with any questions or concerns.

                                  Respectfully submitted,

                                  Christina F. DeJoseph, Esq.
                                Senior Assistant Corporation Counsel

CFD/
cc:    Fred Lichtmacher, Esq. (via ECF)