**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ELIJAH JOHNSON,

                               Plaintiff,                    5:16-cv-00622 (BKS/DEP)

v.

POLICE OFFICER MAURO, POLICE OFFICER
LASHOMB, and POLICE OFFICER QUONCE, all sued
herein in their capacity as individuals,

                               Defendants.

---

**Appearances:**

*For Plaintiff:*
Fred Lichtmacher
The Law Office of Fred Lichtmacher, P.C.
116 West 23rd Street, Suite 500
New York, NY 10011

*For Defendants:*
Christina F. DeJoseph
Senior Assistant Corporation Counsel
300 City Hall
233 East Washington Street
Syracuse, NY 13202

John G. Powers
Hancock Estabrook LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff Elijah Johnson brings this action under 42 U.S.C. § 1983, alleging that

Defendant Police Officers Joseph Mauro, William LaShomb, and Gordon Quonce subjected him

to excessive force and failed to intervene in violation of the Fourth and Fourteenth Amendments

during an incident in the early morning of July 6, 2014 in Syracuse, New York. (Dkt. No. 22). In his motion in limine, Plaintiff moved to preclude evidence of his conviction for rioting in the second degree arising from the events of July 6, 2014. (Dkt. No. 88, at 6). Defendants argued that Plaintiff's conviction for rioting in the second degree was admissible "to collaterally estop the plaintiff [from] taking a contrary position to those charges at a subsequent trial." (Dkt. No. 100, at 5). Defendants note that Plaintiff has denied throwing a rock at the police. (*Id.*). The Court concluded that the preclusive effect of his rioting conviction remained unclear because Defendants had not shown what facts were actually litigated and necessarily decided in Plaintiff's criminal trial. (Dkt. No. 116, at 7–9). In further support of their argument, Defendants have submitted additional letter briefing, transcripts, and other materials relevant to Plaintiff's rioting conviction. (Dkt. Nos. 121, 123). Plaintiff has not responded, despite having been provided an opportunity to do so. (Dkt. No. 116, at 9). For the following reasons, Plaintiff's motion is granted and Plaintiff is not estopped from denying that he threw a rock at police officers on July 6, 2014.

As discussed in the Court's June 3, 2019 order, (Dkt. No. 116, at 8), "the same preclusive effect is given to a previous state court proceeding" in a federal § 1983 action "as would be given to that proceeding in the courts of the State in which the judgment was rendered." *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999). In New York, "a judgment of conviction is conclusive proof of the underlying facts in a subsequent civil action." *Alexander v. City of Peekskill*, 80 A.D.2d 626, 626 (2d Dep't 1981). "[I]n order for collateral estoppel to apply, the issue sought to be precluded must have been essential to the judgment and necessarily determined in the first action." *Owens v. Treder*, 873 F.2d 604, 607 (2d Cir. 1989).

Under New York Law, "[a] person is guilty of riot in the second degree when, simultaneously with four or more other persons, he engages in tumultuous and violent conduct and thereby intentionally or recklessly causes or creates a grave risk of causing public alarm." N.Y. Penal Law § 240.05. Thus, the preclusive effect of Plaintiff's rioting conviction depends on whether the relevant underlying conduct—here, throwing a rock at police officers—was necessarily determined at trial to be an act of "tumultuous and violent conduct" required to support such a conviction.

Here, Plaintiff was charged with riot in the second degree in violation of New York Penal Law § 240.05, (Dkt. No. 100-1), reckless endangerment in the second degree in violation of New York Penal Law § 120.20, (Dkt. No. 100-2), and inciting to riot in violation of New York Penal Law § 240.08, (*id.*). In the criminal information for riot in the second degree, Plaintiff was alleged to have "intnetionally [sic] engage[d] in tumultuous and violent conduct with four or more other persons which caused public alarm" by gathering "in a large group of at least 100 other persons in the middle of the road on the 100 block of Comstock Ave," continuing to "stand in the middle of the roadway" after being "ordered to disperse the area by Officers," "climbing on the tops of vehicles and dancing," and "picking up a rock and throwing it at a group of officers nearly striking them." (Dkt. No. 100-1). The information alleged that these actions also constitute inciting to riot in violation of New York Penal Law § 240.08. The bill of particulars describes virtually identical conduct underlying Plaintiff's charges for reckless endangerment and inciting to riot.[1] (Dkt. No. 121-4, at 2–3).

_____

[1] Specifically, the bill of particulars alleges that Plaintiff committed reckless endangerment by gathering "in the middle of the roadway for no legitimate purpose and . . . also pick[ing] up a rock and throw[ing] it at responding police officers." (Dkt. No. 121-4, at 2–3). Similarly, it alleges that Plaintiff's conduct constituted inciting to riot, as he "did stand in the middle of the road and throw a rock at the police causing other members of the large group to throw objects at the police." (*Id.* at 3).

Defendants argue that, because "no other evidence of 'tumultuous and violent conduct' was presented at [his criminal] trial," he is now precluded from asserting that he did not throw a rock at police officers on the night of July 5, 2014 or early morning of July 6, 2014. (Dkt. No. 121, at 2; *see also* Dkt. No. 123, at 1). Plaintiff, on the other hand, argues that the state court jury did not necessarily find that Plaintiff threw a rock at the police. The Court notes that the criminal information for riot in the second degree alleges acts by Plaintiff beyond throwing a rock, including being part of a large group in the middle of the road that refused orders from police officers to disperse. (Dkt. No. 100-1). The trial court's explanation of the allegations was consistent with the conduct described in the criminal information and bill of particulars. (Dkt. No. 123-1, at 67-68)

Although the trial judge did not define the phrase for the jury, "'tumultuous and violent conduct' means much more than mere loud noise or ordinary disturbance" and is "designed to connote frightening mob behavior involving *ominous threats* of injury," such as "stone throwing or other such terrorizing acts." *People v. Morales*, 158 Misc. 2d 443, 445 (N.Y. Cty. Crim. Ct. 1993) (emphasis added) (quoting Donnino, McKinney's Practice Commentary, N.Y. Penal Law § 240.06); *cf. In re Christopher M.*, 94 A.D.3d 1119, 1120 (2d Dep't 2012) ("[B]ecause the petition merely alleged that the respondent was present at the scene, and did not allege facts specific to the respondent from which it may be inferred that he shared a community of purpose with others to engage in violent and tumultuous conduct, the requirements for accessorial liability were not met."). Indeed, the assistant district attorney presented a great deal of evidence at trial demonstrating the threatening and mob-like behavior of the crowd on Comstock Avenue of which Plaintiff was a participant. (Dkt. No. 123-1, at 30–53). The assistant district attorney described the crowd as "aggressive," "yell[ing] and taunt[ing] and chant[ing] towards police

officers," "out of hand," "standing and dancing on cars," "bubbling up," "a 911 situation," "crazy and wild," "danger[ous]," a "madhouse," and causing "concern and fear." (*Id.*). Defendants have not addressed whether Plaintiff's conduct in the group, *before* throwing a rock, was insufficient to constitute "tumultuous and violent conduct." The Court cannot therefore conclude that the jury, in rendering its guilty verdict for riot in the second degree, necessarily decided that Plaintiff did, in fact, throw a rock at officers.

In any event, in light of the verdicts reached by the state court jury *acquitting* Plaintiff of two other charges which were based on the same rock-throwing allegation, the Court finds that the Defendants have failed to meet their burden of showing that Plaintiff should be estopped from denying that he threw a rock at the police. *See, e.g.*, *United States v. Citron*, 853 F.2d 1055, 1058 (2d Cir. 1988) (explaining that inconsistent verdicts "based on error, confusion, or a desire to compromise, give little guidance as to the jury's factual findings," causing the "principles of collateral estoppel—which are predicated on the assumption that the jury acted rationally and found certain facts in reaching the verdict—are no longer useful" (citations and internal quotation marks omitted)); *see also Koch v. Consol. Edison Co. of N.Y.*, 62 N.Y.2d 548, 555 n.4 (1984) (citing Restatement (Second) of Judgments § 29 (1982) (explaining that the "circumstances to which considerations should be given" in determining whether estoppel applies "include . . . whether: . . . (4) The determination relied on as preclusive was itself inconsistent with another determination of the same issue")). Accordingly, the Court cannot conclude that he is collaterally estopped from denying that fact at trial.

For these reasons, it is hereby

**ORDERED** that the Plaintiff's motion in limine (Dkt. No. 88) to preclude evidence of his conviction for rioting in the second degree is **GRANTED** and the Plaintiff is not estopped from denying that he threw a rock at police officers on July 6, 2014.

**IT IS SO ORDERED.**

Brenda K. Sannes
U.S. District Judge

Dated: June 12, 2019
       Syracuse, New York