# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

ELIJAH JOHNSON,

                          Plaintiff,                  5:16-cv-00622 (BKS/DEP)

v.

POLICE OFFICER MAURO, POLICE OFFICER
LASHOMB, and POLICE OFFICER QUONCE, all sued
herein in their capacity as individuals,

                          Defendants.

---

**Appearances:**

*For Plaintiff:*
Fred Lichtmacher
The Law Office of Fred Lichtmacher, P.C.
116 West 23rd Street, Suite 500
New York, NY 10011

*For Defendants:*
Christina F. DeJoseph
Senior Assistant Corporation Counsel
300 City Hall
233 East Washington Street
Syracuse, NY 13202

John G. Powers
Hancock Estabrook LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Elijah Johnson brings this action under 42 U.S.C. § 1983, alleging that Defendant Police Officers Joseph Mauro, William LaShomb, and Gordon Quonce subjected him to excessive force and failed to intervene in violation of the Fourth and Fourteenth Amendments

during an incident in the early morning of July 6, 2014 in Syracuse, New York. (Dkt. No. 22). On June 14, 2019, Mario Franco, who was present for the incident in question, testified that Syracuse Police Officer John Gunsalus "beat [him] up" as he arrested Franco in the early morning of July 5, 2014, the day before the incident at issue in this trial. On cross-examination, Defendants' counsel asked Franco if he was injured during the incident, to which Franco responded "yes." Defendants then sought to impeach Franco's testimony by admitting into evidence a photograph of Franco, taken after his arrest, which shows no visible injuries to his face or neck. (Ex. D-28). Plaintiff objected, and the Court ruled that the photograph was extrinsic evidence that is inadmissible for the purpose of impeachment under Federal Rule of Evidence 608(b). Defendants have filed a letter brief moving to admit the photograph into evidence "under the doctrine of impeachment by contradiction where the direct examination has opened the door on a particular fact." (Dkt. No. 132, at 3 (internal quotation marks omitted)). For the following reasons, Defendants' motion is denied.

The principle of "impeachment by contradiction . . . operates as a limited exception to Rule 608(b)" and "provides that when a witness puts certain facts at issue in his testimony, [the opposing party] may seek to rebut those facts, including by resorting to extrinsic evidence if necessary." *United States v. Ramirez*, 609 F.3d 495, 499 (2d Cir. 2010); *see also United States v. Beverly*, 5 F.3d 633, 639–40 (2d Cir. 1993) ("Where a defendant testifies on direct about a specific fact, the prosecution is entitled to prove . . . that he lied as to that fact."). "The determinative question in deciding whether extrinsic evidence contradicting a witness's testimony is admissible is not whether the contradicting extrinsic evidence is material or collateral, but rather whether the assertions that the impeaching party seeks to contradict are themselves material or collateral." *Rosario v. Kuhlman*, 839 F.2d 918, 925–26 (2d Cir. 1988).

"Pursuant to Rule 403, evidence that it is introduced to demonstrate that a witness has lied under oath is admissible unless 'its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Frazier*, No. 15-cr-153, 2019 WL 761912, at *5, 2019 U.S. Dist. LEXIS 27762, at *14–15 (S.D.N.Y. Feb. 21, 2019) (quoting Fed. R. Evid. 403).

Here, Defendants seek to impeach Franco's "alleg[ation] he was injured from the incident," (Dkt. No. 132, at 4 (seeking admission of photograph of Franco to "[s]how he's not injured")), a statement elicited by Defendants' counsel on cross-examination. It is, however, "an open question in [the Second Circuit] whether [a party] can present extrinsic evidence to impeach by contradiction a statement made by the [opposing party] on *cross*-examination, where such evidence would otherwise be barred by the Federal Rules of Evidence." *Ramirez*, 609 F.3d at 499–50. In any event, Plaintiff disputes whether the photograph actually contradicts Franco's testimony that he was injured in the July 5, 2014 incident because, while the image may not depict visible injuries to his face, Franco testified at deposition in a separate civil case that he sustained injuries to areas not shown—specifically his torso, the back of arms, and the side of his head. (*See* Dkt. No. 133, at 3–4; *Franco v. City of Syracuse*, No. 16-cv-634 (N.D.N.Y. Mar. 27, 2018), ECF. No. 83-1, at 16–22). Furthermore, neither Franco nor Gunsalus are parties to this action. Even assuming that the photograph contradicts Franco's testimony, the assertions Defendants seek to impeach—whether and to what degree Franco was injured in an incident the day before—are collateral to any question that will be put to the jury in this case. The Court therefore finds that, under Federal Rule of Evidence 403, any probative value of the photograph is substantially outweighed by the danger of confusing the issues, undue delay, and wasting time.

Accordingly, Defendants' motion to admit the photograph of Mario Franco is denied.

For these reasons, it is hereby

**ORDERED** that Defendants' motion (Dkt. No. 132) to admit the July 5, 2014 photograph of Mario Franco is **DENIED**.

**IT IS SO ORDERED.**

_____
Brenda K. Sannes
U.S. District Judge

Dated: June 18, 2019
       Syracuse, New York