UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELIJAH JOHNSON,

                    Plaintiff,

      v.                                        Civil Action No.: 5:16-cv-00622
                                              (BKS/ML)

THE CITY OF SYRACUSE, POLICE OFFICER
MAURO, POLICE OFFICER LASHOMB, POLICE
OFFICER QUONCE, and UNIDENTIFIED SYRACUSE
POLICE OFFICERS, all sued herein in their capacity as
individuals,

                    Defendants.

## <u>MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND TAXABLE AND NONTAXABLE COSTS</u>

KRISTEN E. SMITH, ESQ.
Corporation Counsel
*Attorney for Defendants*
300 City Hall
Syracuse, New York 13202
Tel.: (315) 448-8400

By: Christina F. DeJoseph, Esq.
Senior Assistant Corporation Counsel
Federal Bar Roll No.: 514784

      -and-

By: Todd M. Long, Esq.
Assistant Corporation Counsel
Federal Bar Roll No.: 519301

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    I.      THE COURT SHOULD SIGNIFICANTLY REDUCE THE HOURLY RATES
           AND NUMBER OF HOURS PERFORMED TO A REASONABLE RATE
           ACCORDING TO *LODESTAR*. ......................................................................... 1

          A.    Calculating The Appropriate Reasonable Hourly Rate. ................................ 1

                 *i.  Plaintiff failed to satisfy his burden to be awarded out-of-forum fees* ...... 3

                        1.    Declarations of Irene Flores is insufficient to establish
                                Plaintiff's burden that he required out-of-district counsel. ......... 3

                        2.  Plaintiff miscites case law support for out-of-district
                               counsel. ...................................................................................... 9

                        3.    Plaintiff's case analysis is admittedly recycled, not
                                  representative of the entire universe of N.D.N.Y., and does not
                                  reflect the large number of competent attorneys in N.D.N.Y.
                                  who litigate Section 1983 cases................................................. 11

                 *iii.  Established Lodestar Market Rates For Each Attorney* ......................... 14

                 *iv.  Established Lodestar Market Rates for Paralegals Under Lodestar* ....... 15

          B.    Reasonableness of Number of Hours. ........................................................ 16

                 *i.  Vague entries (examples highlighted in PURPLE on Ex. A-D)* ............... 17

                 *ii.  Excessive/Duplicative Billing & Overstaffing (highlighted in ORANGE on
                 Ex. A-D)* ................................................................................................ 18

                        1.  Summary Judgment Motion.................................................... 18

                        2.  Attorney's Fees Motion ......................................................... 19

                 *iii.  Travel Time (highlighted in GRAY)* ..................................................... 20

*iv. Time spent on Criminal Proceedings (highlighted in yellow on Ex. A-D)* ............................................................. 21

*v. Unsuccessful claims (e.g. highlighted in GREEN on Ex. A-D)* ............. 21

*vi. Miscellaneous non-compensable time (examples highlighted in RED on Ex. A-D)* ............................................................................................. 22

C.   Adjustment Of Fees Based On Degree Of Success. ..................................... 22

II.   PLAINTIFF'S FAILED TO MAKE A MOTION FOR TAXABLE EXPENSES WITH A VERIFIED BILL OF COSTS ................................................................. 24

CONCLUSION ....................................................................................................................... 25

## PRELIMINARY STATEMENT

On June 21, 2019, a jury rendered a verdict in favor of Plaintiff Elijah Johnson ("Plaintiff") only with respect to one of his federal constitutional claims of excessive use of force against Defendant Joseph Mauro. *See* Dkt. No. 145. Plaintiff did not prevail in any of his failure to intervene claims against each Defendant or his excessive use of force claims against Defendants William LaShomb or Gordon Quonce. Prior to trial, Plaintiff discontinued his claims against other individual officers as well as his *Monell* claim against the City of Syracuse. *See* Dkt. Nos. 52-53. Following trial, Plaintiff moved for attorney's fees and costs pursuant to 42 U.S.C. § 1988. *See* Dkt. No. 159. For the reasons stated below, fees and costs set for in Plaintiff's motion should be reduced significantly.

## ARGUMENT

### POINT I
### THE COURT SHOULD SIGNIFICANTLY REDUCE THE HOURLY RATES AND NUMBER OF HOURS PERFORMED TO A REASONABLE RATE ACCORDING TO *LODESTAR*.

The Second Circuit routinely applies *Lodestar* in determining reasonable attorneys' fees. *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 159 (2d Cir. 2011); *M.C. v. Lake George Cent. Sch. Dist.*, 2013 WL 1814491, at 2, FN3 (N.D.N.Y. 2013) (eschewing the twelve *Johnson* factors) (citation omitted).

#### A.    Calculating The Appropriate Reasonable Hourly Rate.

"In calculating attorney's fees, the district court must first determine the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case— [which] creates a presumptively reasonable fee." *Buckley v. Slocum Dickson Med. Group*, PLLC, 111 F. Supp. 3d 218, 225 (N.D.N.Y. 2015) (internal quotations omitted). "The reasonable hourly

1

rate is the rate a **paying client** would be willing to pay... [,and the Court] should also bear in mind that a reasonable, paying client wishes to **spend the minimum necessary** to litigate the case effectively." *S.M. v. Taconic Hills Cent. Sch. Dist.*, 2012 WL 3929889, at *4 (N.D.N.Y. 2012)(emphasis supplied)(citation omitted); *see, e.g., Bergerson*, 652 F.3d 277, 289 (2d Cir 2011); *Lore v. City of Syracuse*, 2009 WL 2957784, at *1 (N.D.N.Y. 2009), *aff'd in part, vacated in part, remanded*, 670 F.3d 127, 176 (2d Cir. 2012); *Shibata v. Swingle*, 2018 WL 4908102, at *4 (N.D.N.Y. 2018); *Azzara v. Natl. Credit Adjusters, LLC*, 2017 WL 2628875, at *4 (N.D.N.Y. 2017); *Stevens v. EOS CCA*, 2017 WL 1423242, at *3 (N.D.N.Y. 2017). A "reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Id.* (quoting *Perdue* 559 U.S. at 551).

The Second Circuit's "forum rule" requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson,* 652 F.3d at 290 (internal quotations omitted); *see also Disability Rights New York v. N. Colonie Bd. of Educ.*, 2017 WL 1901958, at *5 (N.D.N.Y. 2017). "The Second Circuit has held that in calculating the presumptively reasonable fee, 'courts should generally use the hourly rates employed in the district in which the reviewing court sits.'" *Yue Ping Sun, Chun Hua Chen, and Juan Li, Plaintiffs, v. Buffet Star of Vestal Inc. D/B/A Buffet Star, Stanley Tung, and Man Tung, Defendants.*, 3:14-CV-912 (BKS/DEP), 2017 WL 11296886, at *2 (N.D.N.Y. June 21, 2017) (quoting *Simmons*, 575 F.3d at 174 (citations and internal quotation marks omitted)).

The strong presumption must be rebutted by fact, and not bald assertions. *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 25 (N.D.N.Y. 2015). To meet this burden, the movant must make "a particularized showing that he 'would have received a substantially inferior result to that

provided by [his] selected counsel'" if he had retained local counsel. *Id.* (quoting *Simmons*, 575 F.3d at 177). Courts in the Northern District have imposed a high barrier for plaintiffs' counsel in overcoming the "forum rule." *See Monsour v. New York State Off. for People with Dev. Disabilities*, 2018 WL 3349233 (N.D.N.Y. July 9, 2018).

> i.   *Plaintiff failed to satisfy his burden to be awarded out-of-forum fees.*

The aim of § 1988 "is to enforce the covered civil rights statutes, not to provide 'a form of economic relief to improve the financial lot of attorneys.'" *Dingle*, 2012 WL 1339490, at *3 (internal quotations omitted). The party seeking reimbursement based on out-of-forum fees must rebut the presumption that the established hourly rate for the Northern District of New York ("N.D.N.Y.") is reasonable. *Lore*, 670 F.3d at 176; *Shibata*, 2018 WL 4908102, at *4. Plaintiffs have failed to do so. Plaintiff's attempts to persuade the Court that it should deviate from the prevailing rate are unavailing and ignore the fact that "[i]n order to invoke the exception to the Court's application of the above rates based on inability to obtain local counsel, the **Plaintiff** must show he engaged in a **diligent** and **good faith** effort to obtain local counsel but **such counsel refused**." *O'Grady v. Mohawk Finishing Products, Inc.*, 1999 WL 30988, at *3 (N.D.N.Y. 1999) (emphasis supplied) (internal citations omitted).

> 1.   Declaration of Irene Flores is insufficient to satisfy Plaintiff's burden.

Plaintiff relies upon the declaration ("Flores Declaration") of Irene A. Flores, Esq. ("Ms. Flores") to his peril, as her declaration is laden with speculation, and—contrary to his position—supports the notion that Plaintiff made no good faith efforts to retain a local, competent, in-district attorney who would spend the minimum necessary to litigate his Section 1983 action. Moreover, Plaintiff's attempts to shore-up the Flores Declaration with bald assertions about the

competency of local counsel is unavailing in light of recent analogous case law in N.D.N.Y. (as illustrated below). N.D.N.Y. is not limited to Onondaga County, and is replete with attorneys who have enjoyed varying levels of success within the Northern District.

This Court's recent decision in *Monsour v. New York State Off. for People with Dev. Disabilities* is instructive. *See Id.*, 2018 WL 3349233 (N.D.N.Y. July 9, 2018). There plaintiff was a prevailing party after trial with respect to a retaliation claim and entitled to attorney's fees under a different statutory regimen, with, nonetheless the same standard for attorney's fees as Section 1988. *Monsour*, 2018 WL 3349233, at *1, *17. Plaintiff had retained out-of-district counsel from the Southern District of New York ("S.D.N.Y.") at the rates of $650 and $400 per hour for two attorneys, and $200 for a paralegal. *See id.* These were considered rates much greater than the accepted *Lodestar* value in N.D.N.Y. in 2018. *See id.* Plaintiff's argument that out-of-district counsel was necessary was conclusory: "I reached out to several attorneys through 2011 in Albany, as well as one in Queensbury.... The Queensbury attorney I contacted told me 'You can't sue the king.' Other attorneys did not return my calls." *Id.* The Court denied plaintiff's request for these elevated rates because plaintiff's insufficient efforts to locate counsel cannot "rebut the presumption in favor of the local [forum] rule." *Id.* The Court reasoned that the denial was in part because Plaintiff did not identify:

> "the in-district lawyers he contacted or detail the efforts he expended to retain local counsel with the ability or willingness to take on his case. His vague and speculative 'understand[ing]' that local attorneys were unwilling to take the case on contingency is insufficient to show that experienced in-district attorneys would have declined to represent him."

*Id.* Moreover, the Court also noted that the plaintiff never averred "that in-district lawyers would have achieved an inferior result."

4

The Court ruled similarly against awarding plaintiff's counsel out-of-district rates in *Yue Ping Sun, et al. v. Buffet Star of Vestal, et al.  See id.*, 3:14-CV-912 (BKS/DEP), 2017 WL 11296886, at *2 (N.D.N.Y. June 21, 2017).  There, out-of-district attorneys requested $350 per hour for the principal attorney, $200 per hour for two associates with over two-years of experience, and $175 per hour for a first-year attorney.  *See id.*  To justify these out-of-district rates, Plaintiff's counsel touted their relevant foreign language skills and their experience in relevant specialized area of the law, but completely failed to establish "that local counsel possessing requisite experience were unwilling or unable to take the case ... or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise."  *See id.* (quoting *Simmons*, 575 F.3d at 175–76).  Instead, plaintiff's counsel argued: " 'I do not know of any other lawyers in the Northern District of New York who is [sic] fluent in Chinese and handle as much wage and hour litigation as myself,' and 'there is no market for Chinese-speaking attorneys doing wage and hour cases in the Northern District.' " *Id.* The Court ruled that plaintiff's counsel had failed to rebut the presumption of applying the local forum rule to attorney's fees.

In the same vein, the court in *Osterweil v. Bartlett* limited plaintiff's counsel to the local forum rate because no inquiries were made as to the competence and expertise of attorneys within N.D.N.Y. *Osterweil*, 92 F. Supp. 3d at 27. There, plaintiff hired counsel from a D.C. based law firm, billing from the lowest associate to the principal attorney $210-$1,100 per hour. *See* id. at 26. Plaintiff's counsel were nationally recognized appellate counsel, with the principal attorney Paul D. Clement being a former U.S. Solicitor General who has argued 95 cases before the U.S. Supreme

Court.[1]  Defendants argued that plaintiff failed to rebut the presumption of the forum rule because he failed to show "that litigating this case required special expertise not available within this district."  *See id*. at 27.  The court agreed, ruling that plaintiff baldly asserted that " 'Plaintiff hired attorneys with skills, experiences, and reputations not easily comparable to or found in local counsel,' but offers no support for this contention."  *Id*.  Plaintiff's counsel offered no proof that attorneys within N.D.N.Y. were either unwilling or unable to handle plaintiff's case.  *See id*. Rather, as the court noted "[p]laintiff appears to have assumed that local counsel could not have achieved a successful result in this action without inquiring into the competence and expertise of attorneys within this district."  *See id.*

Here, Plaintiff offers not one statement as to any affirmative action he had taken to engage local counsel within the entirety of N.D.N.Y.[2] before retaining Attorney Lichtmacher. This is supported by the Flores Declaration.  In the declaration, Ms. Flores—Plaintiff's criminal defense counsel in his underlying convictions states in a conclusory fashion that:

> "I could not find local attorneys of similar caliber in the Syracuse area, but wanted to find a lawyer within New York State. I remember reading about several victims of beatings by NYPD cops who were represented by Mr. Lichtmacher and were awarded damages.  I researched Fred Lichtmacher and contacted him."

Dkt. No. 159-10, pp. 2-3.  This appears to be the sole connection between Plaintiff, his criminal matter, and retaining representation in the present Section 1983 action.  It demonstrates Plaintiff's failure to rebut the *Simmons* and *Arbor Hill* presumptions of the form rule.

---

[1] See the website of Bancroft, LLC for Paul D. Clement's biography http://www.bancroftpllc.com/who-we-are/paul-clement/

[2] New York counties of Albany, Broome, Cayuga, Chenango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneida, Onondaga, Oswego, Otsego, Rensselaer, Saratoga, Schenectady, Schoharie, St. Lawrence, Tioga, Tompkins, Ulster, Warren, and Washington.  *See* https://www.nynd.uscourts.gov/courtdistrict-history.

Analyzing Ms. Flores unavailing support, <u>First</u>, she indicates that she sought counsel outside of N.D.N.Y. because she had read of another Section 1983 case in N.D.N.Y. against the City of Syracuse that had representation from California (i.e. Charles Bonner, Esq.).  *See* id. This, with nothing more, has no bearing on the availability and competence of local counsel to handle this case. *Osterweil*, 92 F. Supp. 3d at 27.   Defendants do not question Attorney Lichtmacher's experience, but note that even a former U.S. Solicitor General was unable to rebut the local forum rule by failing to show that "that litigating this case required special expertise not available within this district." *See id*. at 27.

Be that as it may, <u>second</u>, Ms. Flores surmised that she could not find local counsel of "similar caliber" of Mr. Bonner, without attesting to any attempts she made to contact any attorneys in the 32 counties of N.D.N.Y. *See* Dkt. No. 159-10, p. 2; *see Monsour* at *18.  Similar to *Monsour*, simply an attorney's "noting" that local counsel had been reviewed is insufficient. *See id*. at *1.

<u>Third</u>, making no mention of the 31 other counties within the jurisdiction of N.D.N.Y., Ms. Flores states that she could not find any attorney of "similar caliber" in the "Syracuse area" (Onondaga County).  See Dkt. No. 159-10, p. 2.  "Similar caliber" is not the standard, but a showing must be made by Plaintiff that there are no local attorneys who "possess the requisite experience" and, if so, were otherwise unwilling or unable to take the case.  *Yue Ping Sun*, 2017 WL 11296886, at *2.

<u>Fourth</u>, Ms. Flores raises the failed argument in *Monsour*—"[y]ou can't sue the king" (*Monsour*, 2018 WL 3349233, at *1)—that local counsel would be afraid to go after the Syracuse

Police Department because they would be "afraid to 'make waves' for political reasons. . ." Dkt. No. 159-10. This is speculative, regardless of the otherwise ineffectiveness of the argument. *See* id.

Fifth, the Flores Declaration illustrates that there were no other attorneys contacted other than Attorney Lichtmacher.  *See* id. It is respectfully submitted that Ms. Flores's inability to identify a local attorney before contacting Attorney Lichtmacher does not satisfy Plaintiff's heavy burden. *Osterweil, supra*.  This is similar to *Yue Ping Sun*, in that Ms. Flores's lack of knowledge of attorneys in the Syracuse area who have litigated Section 1983 actions, let alone N.D.N.Y., does not rebut the presumption of applying the forum rule.

Sixth, the Flores Declaration, the Declaration of Attorney Lichtmacher ("Lichtmacher Declaration"), and the memorandum of law are rife with speculation about the competency and availability of local counsel.  By way of example, the Lichtmacher Declaration makes the bald assertion of a "the scarcity of local Northern District attorneys willing to take on local civil rights matters," averring to hearsay statements allegedly made by attorneys in the Office of the Corporation Counsel indicating as much.  *See* Dkt. No. 159-6, p. 8; *see also* Dkt. No. 159-1, p. 12; *see also Osterweil*, 92 F. Supp. 3d at 27.  This, with nothing more, does not establish a scarcity where there were no attempts to contact local counsel to empirically establish that scarcity before this Court. *Cf.*, *Harvey v. Home Savers Consulting*, 2011 WL 4377839 (E.D.N.Y. 2011) (out-of-district attorney's fees awarded where plaintiff initially contacted a legal aid society that could not handle legal complexity and novelty of case, so a subsequent larger pro bono society contacted over 100 firms until one out of district was able to represent plaintiff).  Plaintiff's memorandum of law is full of the same speculative comments dressed up as factual assertions to support his legal argument, making conclusory allegations that "there is obviously an

overwhelming need for out-of-district counsel in the Northern District," (id. at 11) and "[a]n attorney wanting to stay in favor with the authorities locally might be reticent to take on such a matter." Id.  For this reason, Attorney Lichtmacher concludes that this alleged reticence makes it "impossible to not conclude that out-of-district counsel would produce a better result." Id. at p. 13.  As noted in Point I.A.i.3., below, this is not the case.

Plaintiffs' retention of Attorney Lichtmacher, supported by the Flores and Lichtmacher Declarations, is analogous to the case of *Pope v. County of Albany*, 2015 WL 5510944, at *8-9 (N.D.N.Y. 2015). There, local counsel, who was first contacted by the plaintiffs, brought Gibson Dunn from out-of-district (S.D.N.Y.) to assist in their case. *Id*. Concluding that the forum rate was appropriate, the court reasoned that there was "[n]o showing . . . that any other Northern District counsel was contacted and declined to take the case due to political reasons." *See Pope*, 2015 WL 5510944 at *8. Plaintiffs' counsel in *Pope* did not argue that they first sought local counsel.  *See id*. Rather, they asserted they were "aware of no other firm in the Albany area, or in [N.D.N.Y.], that would have the resources... to commit to a case such as this." *Id*. Such conclusory statements were futile. *Id*. The same dynamic is at play in the present action. Simply put, Ms. Flores read about Attorney Lichtmacher and referred her client.  *Pope* at *8; *See* Dkt. No. 159-10, pp. 2-3. There was no due diligence to search for competent counsel within N.D.N.Y. Consequently, Plaintiffs have failed to rebut the presumption of the prevailing rate.

2.   Plaintiff miscites case law support for out-of-district counsel.

Plaintiff's offering of cases supporting the needs to retain Attorney Lichtmacher are unavailing under the foregoing analyses applied pursuant to *Osterweil, Monsour, Yue Ping Sun,* and *Pope*.  Each one of these cases were decided after, and cite in their analyses, the Second Circuit

9

decisions that are alleged to support Plaintiff's argument-in-chief: *Arbor Hill* and *Simmons*. *Osterweil, Monsour, Yue Ping Sun,* and *Pope*, each of which were N.D.N.Y. decisions, are all progeny that conform to the *Arbor Hill* and *Simmons* analyses.

First, Plaintiff cites *Arbor Hill* for the proposition that there is a three factor test for deviating from the forum rule in establishing hourly rates.  However, the Second Circuit cautioned that the presumption is still a standard that is rarely rebuttable by out-of-district counsel:

> This presumption [of the forum rule] may be rebutted—albeit only in the **unusual** case—if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill.

*Arbor Hill*, 493 F.3d at 191 (emphasis supplied).  Moreover, the *Arbor Hill* decision may have found that the district court had "applied the forum rule too strictly," but nonetheless ruled that there was "no error in the district court's fee award, even when evaluated under the analysis." *See id*. at 194.  The Court indicated that "that the client would have insisted on paying his attorneys at a rate no higher than that charged by [local] Albany attorneys," as the presumption is that "a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally." *Id*. Here, as noted above, Plaintiff did not rebut that presumption.

Second, Plaintiff's reliance on *Pierce v. Underwood*, decided in 1988, is misplaced. *See id*., 487 U.S. 552 (1988). Although the *Arbor Hill* decision notes that the U.S. Supreme Court's interpretation of "limited availability" of attorney's "qualified for the proceedings," the *Pierce v. Underwood* case dealt with completely different statutory language than 42 U.S.C. § 1983.  The entire quote in *Arbor Hill* from *Pierce v. Underwood* states that the attorney's fee "**shall be based**

**upon prevailing market rates**" but "shall not be awarded in excess of $125 per hour unless the **court determines that**....the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." *Id.* (quoting *Pierce*, 487 U.S. at 571–72) (emphasis supplied).  Here, through the lens of *Osterweil, Monsour, Yue Ping Sun,* and *Pope*, Attorney Lichtmacher has not rebutted this presumption of prevailing market rates under the forum rule, and has not provided the Court any evidence to make such a determination.

What is more, although *Arbor Hill* does quote *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 80 (2d Cir.2005), stating that "[t]o define markets simply by geography is too simplistic," the court in Arbor Hill contrasted this evolving nature of the global legal market with those cases it called "intrinsically local, and the relevant legal market may be coextensive with or smaller than the district itself." *Arbor Hill*, 522 F.3d at 192.  Thus, by striking this balance, the Second Circuit reasoned that it courts can "enforce market discipline" for the "reasonable, paying client" and assist in "approximating the negotiation that might ensue were the client actually required to pay the attorney's fees." *Id.*  Consequently, the prevailing rate of the local forum should be applied to Plaintiff's counsel.

3.   Plaintiff's case analysis of § 1983 in NDNY is misguided.

Despite Plaintiff's speculation, conclusory statements, and selective list of his own cases in N.D.N.Y., this district is replete with attorneys who have competently and successfully litigated Section 1983 cases. This is not only for jury verdicts, but a degree of success to which Attorney Lichtmacher agrees: through monetary settlement. *See* Dkt. No. 159-6, p. 2 ("[a] few of my more notable decisions, **settlements** and verdicts are as follows") (emphasis supplied).

To support his position that N.D.N.Y. is in need of out-of-district counsel, Plaintiff relies upon an alleged case compilation put together by Jesse Ryder, Esq. ("Mr. Ryder"),[3] counsel of record, in *Grant v. City of Syracuse*, 357 F. Supp. 3d 180 (N.D.N.Y. 2019). This list and its analysis fails to rebut the presumption of the forum rule for prevailing rates.

First, Plaintiff's adoption of Mr. Ryder's alleged analysis makes an admission that should not be lost on this Court in review: a majority (six out of 10) of the cases with plaintiff's verdicts on the list had in-district counsel. *See* Dkt. No. 159-1, p. 10.

Second, Plaintiff argues at length that this set of cases represents the universe of verdicts in favor of plaintiffs. *See* id. at 6-10. This list is without context. Plaintiff does not explain the parameters of the case search or his analytical method for developing this list. The list misrepresents the complexity of litigation, as Attorney Lichtmacher himself notes in his declaration: success includes decisions and settlements in his clients favor. *See* id.; *see also* Dkt. No. 159-6, p. 2. As the Court is well-aware, Attorney Lichtmacher is not the only attorney to appear before this Court, or any other court in N.D.N.Y., with respect to a Section 1983 matters to have any measure of success. In a review of all cases filed since the date of Plaintiff's filing his Complaint (June 1, 2016) to August 1, 2019 in CM/ECF NextGen for N.D.N.Y., Your Honor has been the District Court Judge assigned to 69 cases with the "Case Type" limited to "42:1983cv(42:1983 Civil Rights Act)." Through cross-referencing these cases with the PACER National Case Locator, a total of 19 total cases before Your Honor were identified where the plaintiff was represented by counsel, as illustrated in the chart below:

---

[3] Despite Plaintiff's admiration for Jesse Ryder's "outstanding work he performed in the fee application for prevailing plaintiffs in" the *Grant* case, there is no indication that Plaintiff ever contacted Mr. Ryder, a local N.D.N.Y. admitted attorney, who worked on *Grant v. City of Syracuse* from the moment it was filed on April 14, 2015 (over a year before the present action was initiated).

| Case Name and Action Number | Plaintiff's Attorney(s) & Location | Attorney within Forum? | Status (Date) | Number of Cases as Sec. 1983 Plaintiffs' Attorney in N.D.N.Y. |
|---|---|---|---|---|
| Indian Lookout Country Club, Inc. et al v. Frame et al (1:16-cv-00827) | Matthew J. Kelly, Albany, NY | Yes | Closed (10/31/2018) | 6 |
| Cella et al v. County of Greene et al (1:16-cv-01109) | Charles H. Horn, Lake Success, NY | No | Closed (09/17/2018) | |
| Towns v. Stannard et al (1:16-cv-01545) | Lewis B. Oliver , Jr., Albany, NY | Yes | Open | 56 |
| Smith et al v. Town of Lloyd et al (1:17-cv-00077) | Roberta D. Asher, New York, NY | No | Open | |
| Nourse v. County of Jefferson (1:17-cv-00807) | Elmer R. Keach , III, Albany, NY | Yes | Open | 95 |
| Tucker v. The City of Albany et al (1:17-cv-01098) | Mark S. Mishler, Albany, NY | Yes | Closed (06/22/2018) | 28 |
| Harkins v. Hobart et al (1:17-cv-01370) | Russell A. Schindler, Kingston, NY | Yes | Closed (05/09/2019) | 18 |
| Damon v. Moore et al (1:18-cv-00380) | Leo Glickman, Brooklyn, NY | No | Closed (04/24/2019) | |
| Logan v. The City of Schenectady et al (1:18-cv-01179) | Nicholas H. Mindicino, New York, NY; Leo Glickman, Brooklyn, NY | No | Open | |
| Hills et al v. Roberts (1:18-cv-01240) | Susan C. Antos, Albany, NY | Yes | Open | 8 |
| Gorostiza v. O'Shea et al (1:19-cv-00648) | James C. Knox, Troy, NY; Julie A. Nociolo, Troy, NY | Yes | Open | Knox: 5; Nociolo: 4 |
| Bruckman v. Green County et al (1:19-cv-00670) | Michael C. Conway, Albany, NY | Yes | Open | 2 |
| Johnson v. The City of Syracuse et al (5:16-cv-00622) | Fred B. Lichtmacher, New York, NY | No | Closed (06/24/2019) | |
| Weinberg et al v. Zimmer et al (5:17-cv-00021) | Jaime M. Weinberg, Wellesley Island, NY | Yes | Open | 1 |
| Berie et al v. Stevenson (5:18-cv-00119) | JenniElena Rubino, Yonkers, NY | No | Closed | |
| Manes v. Onondaga County et al (5:19-cv-00844) | Ameer N. Benno, New York, NY | No | Open | |
| Lamonica v. City of Rome et al (6:17-cv-00696) | Matthew J. Mann, Latham, NY | Yes | Closed (08/22/2017) | 4 |
| Henderson et al v. Sweezey (6:18-cv-00790) | David A. Longeretta, Utica, NY; Zachary Oren, Utica, NY | Yes | Open | Longaretta: 16; Oren: 6 |
| Baker v. Spinner et al (8:18-cv-00950) | Noreen A. McCarthy, Keene Valley, NY | Yes | Closed (07/30/2019) | 2 |

As the chart illustrates, of these 19 Section 1983 cases, there are 12 cases with 14 total attorneys representing plaintiffs whose practices are within N.D.N.Y. Using the same search parameters in CM/ECF NextGen for N.D.N.Y., the number of Section 1983 cases litigated in total by each attorney in this forum is listed in fifth column. To give this list context as to the competence and expertise of some of these attorneys, Defendants note that Elmer R. Keach, III, Esq. ("Mr. Keach") advertises himself as a Civil Rights attorney doing plaintiff's work in N.D.N.Y.[4] A search of CM/ECF NextGen in N.D.N.Y. for Mr. Keach shows he has been an attorney of record in **95** Section 1983 cases, and he recently secured settlements on behalf of civil rights plaintiffs. *See* 8:15-cv-00521(DNH/DJS), Dkt. No. 105, CM/ECF NextGen (N.D.N.Y. May 29, 2019); *See* 1:17-cv-01372-CFH, Dkt. Nos. 1 and 22, CM/ECF NextGen (N.D.N.Y. June11, 2019). Of note,

---

[4] *See* http://keachlawfirm.com/

David Longaretta, Esq. in neighboring Oneida County has litigated 16 Section 1983 cases in N.D.N.Y.

Defendants also note that the City of Syracuse has been a named party in multiple §1983 lawsuits since Plaintiff filed his Complaint, to include the following cases and plaintiff's attorneys whose offices and practice are within the local forum: *Pendergraph v. City of Syracuse et al.*, 5:19-cv-00291-LEK-TWD (Woodruff Lee Carroll, Esq., Syracuse, NY); *Alexander v. City of Syracuse et al.*, 5:17-cv-01195-DNH-TWD (K. Felicia Davis, Esq., Syracuse, NY); *Buccina v. Onondaga County et al.*, 5:18-cv-00031-FJS-DEP (Michael P. Kenny, Esq., Syracuse, NY); *Harrison v. City of Syracuse et al.*, 5:18-cv-01055-FJS-ATB (Jarrod W. Smith, Esq., Syracuse, NY); *Days et al v. City of Syracuse et al.*, 5:18-cv-01334-LEK-ML (Dirk J. Oudemool, Esq., Syracuse, NY); *Rosa et al v. City of Syracuse et al.*, 5:16-cv-01123-LEK-TWD (Legal Services of Central New York - Syracuse).

Attorney Lichtmacher perpetuates logical fallacy—*post hoc ergo propter hoc*—to support his theory that his representation was the sole cause of Plaintiff's success. Appellate courts have cautioned trial courts not to "engage in *post hoc* reasoning . . ." with respect to attorney's fees. *Nicholas v. Harder*, 637 Fed. App'x 51, 52 (2d Cir. 2016)(quoting *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 765, 770 (2d Cir.1998)); *Zuchowicz v. United States*, 140 F.3d 381, 390 (2d Cir. 1998). Plaintiffs offer no direct evidence of causation. Consequently, the prevailing rate of the local forum should be applied to Plaintiff's counsel.

   ii.  *Established Lodestar Market Rates For Each Attorney.*

Plaintiffs' Counsel should be awarded no more than $300 per hour for Attorney Lichtmacher, while Sherry Wang, Esq. ("Attorney Wang") should be awarded no more than $170

per hour. Although Attorney Lichtmacher speaks to his level of experience, there is nothing about his familiarity that constitutes a rate greater than a partner level attorney in N.D.N.Y. Attorney Wang's declaration ("Wang Declaration") notes that she has only been a licensed attorney in New York since February 2019, when she was promoted from paralegal to associate attorney at Attorney Lichtmacher's office. *See* Dkt. No. 159-7, p. 2. Despite her other foreign legal experience in matters unrelated to litigation, the Wang Declaration only supports a newly admitted attorney. *See* id., pp. 1-2. Citing a string of recent N.D.N.Y. cases, this Court noted in a year ago in *Monsour* that:

> "review of cases in this District indicates that the following hourly rates (or rate ranges) are reasonable: $275–$345 for experienced partners; $150–$200 for attorneys with four or more years of experience; $120–$170 for attorneys with less than four years of experience; and $90 for paralegals."

*Monsour*, 2018 WL 3349233 at *18 (citing cases). Although Attorney Lichtmacher has been practicing law for 21 years in a small legal practice, the rate for an experienced partner should be on the lower end the $275-$345 scale, understanding that the rate of $345 per hour would be reserved for partners at large firms utilizing extensive resources to justify their hourly rate. Therefore, Attorney Lichtmacher's rate should be no more than $300 per hour. For Attorney Wang, given that the range of attorneys with less than four years of experience is $120-$170, and at the time of trial she had four months of experience, her rate should be on the low end of that scale, or $120 per hour.

iii.    *Established Lodestar Market Rates for Paralegals Under Lodestar.*

As more fully set forth in Point III.B., below, secretarial work does not constitute compensable labor under § 1988. Therefore, insofar as the work of the "legal assistants" is wholly within the realm of "clerical" work it should not be remunerable. *See Dotson v. City of Syracuse*, 2011 WL 817499, at *24 (N.D.N.Y. 2011), *aff'd*, 549 F. App'x 6 (2d Cir. 2013). It is clear tasks and/or qualifications of most of Plaintiff's Counsels' legal assistants—i.e., Norman Chuk and Shelly

15

Chen—do not rise to the level of that of a paralegal. *See* Dkt. Nos. 159-11, 159-12, 159-13. Most of the work done by Shelly Chen in particular is not paralegal work, but clerical "legal assistant" work by its very nature. *See* Point I.B., *infra*. Mr. Chuk's very limited work is vague and oddly timed (e.g. trial prep work in November, 2017; vaguely "reading depositions" in September 2018 with no explanation). To the extent the court awards fees for **paralegal** work, Defendants do not oppose $80 per hour for Shelly Chen, nor do we oppose $90 per hour for Attorney Wang when she was a paralegal. *See* Dkt. No. 159-1, p. 19.

### B.    <u>Reasonableness of Number of Hours</u>

In determining a reasonable number of hours, the Court "should consider not only the parties' submissions, but also its own familiarity with the case and its experience generally." *Rudd v. Advance Bedding Corp.*, 1997WL104683, at *4 (E.D.N.Y. 1997)(internal quotation omitted). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Plaintiffs must support such fee applications with sufficiently detailed records of the nature of the work performed. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986). The Court should reduce the time for which compensation is awarded for hours that were not "reasonably expended." *See Hensley,* 461 U.S. at 434 (e.g., excessive, redundant, unnecessary or overstaffed); *see also Orchano v. Advanced Recovery, Inc.,* 107 F.3d 94, 98 (2d Cir.1997). "In excluding hours that were not reasonably expended, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of

16

trimming fat from a fee application.'" *Osterweil*, 2015WL1066404, at *8 (internal quotation marks omitted).

Plaintiffs' counsel requests a fee award based on approximately 654 total hours expended by attorneys and staff. *See* DeJoseph Decl., Exs. A—D. Plaintiff has not set forth any basis for the reasonability of those hours in support of his motion. He simply focuses his argument on the conclusory notion that no in-district counsel would have taken his case. *See* Dkt. No. 159-1, pp. 12-13. Notwithstanding the foregoing, it is respectfully submitted that Plaintiff's Counsels' voluminous billing entries are fraught with vague, excessive/duplicative, unnecessary and otherwise not compensable entries warranting a significant reduction in any prospective award.

> i.    *Vague entries (examples highlighted in PURPLE on Ex. A-C).*

Where descriptions of work done are vague and ambiguous, the Court cannot assess the reasonableness of the entries. Thus, the fees for such work can be eliminated or reduced. *Baim v. Notto,* 316 F.Supp.2d 113, 122 (N.D.N.Y.2003) internal citation omitted). "[M]ere characterization of the type of work done, without specifying the purpose and specific subject matter of the task," are insufficient. *Parrish v. Sollecito,* 280 F.Supp.2d at 171. Descriptions of work such as "review of file," "review of documents," and "review of letters" are vague and do not permit a court to evaluate the reasonableness of the services. *See Ayers v. SGS Control Servs., Inc.,* 2008 WL 4185813, at *7 (S.D.N.Y.2008); *see also Cosgrove,* 1996 WL 99390, at *3; *see Dotson v. City of Syracuse*, 2011 WL 817499, at *24 (N.D.N.Y. Mar. 2, 2011), *aff'd,* 549 F. App'x 6 (2d Cir. 2013)("file review"; "trial preparation"; and "meetings"; are too vague to be compensable); *Osterweil v. Bartlett,* 92 F.Supp. 3d 14 (N.D.N.Y. 2015)("conference with [other counsel]," "correspondence with [counsel]," "legal research" and "correspondence with clients and

co-counsel" were impermissibly vague and thus non-compensable); *Valmonte v. Bane*, 895 F. Supp.493 (S.D.N.Y. 1995)(entries marked "research", "telephone call", "Meeting", "consultation", or "miscellaneous" are too vague to be compensable). In this case, the billing records of Plaintiff's counsel and his staff are replete with vague and ambiguous time entries. Several examples of the same have been highlighted in purple for the court's review. They should be excluded in their entirety from any fee award. *See Baim,* 316 F.Supp.2d at 122.

ii.     *Excessive/Duplicative Billing & Overstaffing (highlighted in ORANGE on Ex. A-C)*

Generally, conferences between counsel are excessive entries, *Rozell v. Ross–Holst,* 576 F.Supp.2d 527, 541 (S.D.N.Y.2008), and where the records reveal a number of conferences between trial counsel, "there is an element of duplication of effort." *Simmonds v. New York City Dep't of Corrs.,* 2008 WL 4303474, at *6 (S.D.N.Y.2008); *see Dotson v. City of Syracuse*, 2011 WL 817499, at *25 (N.D.N.Y. Mar. 2, 2011), *aff'd*, 549 F. App'x 6 (2d Cir. 2013). In this case, the billing records are fraught with references to conferences between counsel and staff, some of which are too vague to be compensable. *See, e.g., Osterweil* ("conference with [other counsel]," "correspondence with [counsel]," are too vague to be compensable); *Grievson v. Rochester Psych. Ctr.*, 746 F. Supp.2d 454 (W.D.N.Y. 2010) *Osterweil*; *see Santiago v. Municipality of Adjuntas*, 741 F.Supp.2d 364 (D. Puerto Rico, 2010); *Mendoza v. City of Rome, N.Y.,* 162 F.R.D. 260 (N.D.N.Y. 1995).

1.  Summary Judgment Motion

One of the most glaring examples of duplicated and excessive hours is the summary judgment motion. In total, Plaintiff's counsel seeks reimbursement for a total of 51.7 hours opposing Defendants' motion for summary judgment (*See* Ex. A, Ex. B). In his Declaration in

support of the motion for fees, Mr. Lichtmacher describes his expertise in the area of civil litigation and emphasizes his experience, reputation and ability in his request for an hourly rate of $575. Yet he and his paralegal expended approximately 52 hours to review and prepare plaintiff's opposition to defendants' summary judgment motion. *See* DeJoseph Decl., Ex. A, pp. 10-11; Ex. B, pp. 4-6); *see Dotson* at \*25, *aff'd*, 549 F. App'x at 6. Plaintiff's counsel is essentially claiming that he expended approximately more than entire work week prepare and file opposition to a motion for summary judgment when all that was necessary to defeat the motion, was to demonstrate a question of fact. Given Mr. Lichtmacher's claimed professional level of expertise, these amounts are "outside of the range for similar matters litigated by counsel of similar experience." *Cover*, 2008 WL 4093043, at \*7 (counsel sought 42.25 hours for a post-trial motion and 87.25 hours for the plaintiff's summary judgment motion) (citing *Weingarten v. Optima Commc'n Sys., Inc.*, 544 F.Supp.2d 193 (S.D.N.Y.2008) (internal citation omitted)). As such, a reduction is warranted. *Dotson, supra.*

   2. Attorneys' Fees Motion

   Plaintiff's counsels' request for **$27,913** in fees (62.4 total hours billed) related to the instant Attorney Fee Application is excessive and based on billing entries that are vague, duplicative, and include time spent on secretarial tasks. It has been held that even in a complex case a fee application should only take 30 hours. *Murray v. Mills,* 354 F.Supp.2d 231, 241 (E.D.N.Y.2005);*see Curtis v. City of Kingston*, 2016 WL 1223471, at \*6 (N.D.N.Y. Mar. 28, 2016); *Osterweil* at 37 (finding a request for 12.05 hours for an attorney fee motion reasonable); *Access 4 All, Inc. v. 135 W. Sunrise Realty Corp.,* 2008 WL 4453221, at \*12 (finding 19.4 hours spent on drafting a fee application to be excessive and reducing it by half to

9.7 hours); *Luessenhop v. Clinton County, N.Y.,* 558 F.Supp.2d 247 (N.D.N.Y. 2008) (reducing a request for 52 hours for a fee application to 30 hours). Accordingly, any fee award that includes the instant motion should be reduced significantly, with vague and non-descript entries stripped away first. Several other examples (highlighted in orange) of excessive, duplicative billing and overstaffing can be found in the billing records submitted in support of the fee application and should be excluded from any fee award. *See* DeJoseph Decl., Exs. "A"—"D".

iii.     *Travel Time (highlighted in GRAY)*

Because Plaintiff chose to hire out-of-district counsel rather than local counsel, he should not be entitled to attorneys' fees for travel time. As a corollary to the "forum rule" whereby the court uses hourly rates employed in the district where the reviewing court sits, is that expenses related to travel must be excluded from an award of attorneys' fees of "the hypothetical reasonable client who wishes to spend the least amount necessary to litigate the matter ... would have retained local counsel." *U.S. ex rel. Feldman v. Van Gorp*, 2011 WL 651829, at *3 (S.D.N.Y. Feb. 9, 2011)(citing reference omitted). Here, like in *Feldman*, there is no indication that qualified local counsel was unavailable, or that local counsel was unlikely to achieve similar success. Thus, a hypothetical reasonable client would have chosen local counsel in order to prevent unnecessary travel costs, and therefore the court should not award attorneys' fees for time spent travelling between New York City and Syracuse. Although Plaintiff's counsel indicates the time is not calculated in his fee request, the time associated with the same has been highlighted in gray and should not be considered.

iv.     *Time spent on Criminal Proceedings (highlighted in yellow on Ex. A-C)*

Plaintiff's request for fees for approximately 8 hours related to Plaintiff's criminal defense must be excluded in their entirety. Attorneys' fees incurred for a plaintiff's defense in prior criminal proceedings are not compensable under § 1988. *McKever v. Vondollen*, 681 F. Supp. 999, 1003 (N.D.N.Y. 1988); *see, e.g., Greer v. Holt,* 718 F.2d 206, 208 (6th Cir.1983); *Venuti v. Riordan,* 702 F.2d 6, 9 (1st Cir.1983); *Lenihan v. City of New York,* 640 F.Supp. 822, 830 (S.D.N.Y.1986). Such amounts, if any, would constitute an element of damage, and Plaintiff presented no such proof to the jury in this case. Consequently, plaintiff's requests for compensation for defending the criminal action must be denied. *McKever*, 681 F. Supp. at 1003. Plaintiffs cite no authority for the proposition these fees and any associated costs are compensable.

v.     *Unsuccessful claims (e.g. highlighted in GREEN on Ex. A-C)*

The court may exclude hours spent on "severable unsuccessful claims." *Green v. Torres,* 361 F.3d 96, 98 (2d Cir.2004) (*per curiam*). Where "the successful and unsuccessful claims were interrelated and required essentially the same proof," a reduction in the number of hours is not appropriate. *Murphy v. Lynn,* 118 F.3d 938, 952 (2d Cir.1997); *accord LeBlanc–Sternberg,* 143 F.3d at 762 ("When a plaintiff has ... prevailed on fewer than all of his claims, the most important question in determining a reasonable fee is whether the failed claim was intertwined with the claims on which he succeeded.").  In this case, the proof presented at trial (or lack thereof) related to Det. LaShomb's and Sgt. Quonce's potential liability was different than that of Sgt. Mauro. That is evidenced, in part, by the fact that the jury returned a "no cause" verdict against them. (*See* Dkt. 152). Accordingly, any fee award should be reduced by at least

66% due to Plaintiff's lack of success against Det. LaShomb and Sgt. Quonce. Furthermore, Plaintiff also voluntarily discontinued claims against Defendants Mims, Gunsalus, Hard and the City of Syracuse in October, 2017, after most depositions were conducted. (*See* Dkt. Nos. 52-53).

                          vi.     *Miscellaneous non-compensable time (examples highlighted in RED on Ex. A-C)*

Unjustified billing entries related to, for example, secretarial tasks, should be excluded. *See Dotson, supra* at \*27 (organizing case files, preparing documents for mailing, routine phone calls, adjournment letters, correspondence between non-attorneys, as well as entries marked "file maintenance"; "assemble and copy motion" and "organize and update file" are secretarial and non-compensable); *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp.2d 381 (S.D.N.Y. 2000)(clerical and secretarial services, including filing and serving papers are part of attorneys' overhead and not generally charged to clients); *Erickson v. City of Topeka, Kansas*, 239 F.Supp.2d 1202 (D. Kan. 2002)(general background research is not compensable); *Case v. Unified School Dist. No. 233, Johnson County, Kan.,* 157 F.3d 1243 (10th Cir. 1998)(same).

    **C.**      **<u>Adjustment Of Fees Based On Degree Of Success.</u>**

"If a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Dotson*, 2011 WL 817499, at \*28 (citing *Hensley*, 461 U.S. at 436). "Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley*, 461 U.S. at 439. A court is "obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Willis v. Onondaga Cnty. Sheriff's Dep't*, 2010 WL 3338819, at

*3 (N.D.N.Y. 2010) (internal quotations omitted), and "must determine whether plaintiff's unsuccessful litigation of the majority of her claims caused counsel to spend more time than they otherwise would have." *Dotson*, 2011 WL 817499, at *28. Plaintiff's claims for relief did not all "involve a common core of facts or [are] based on related legal theories," and so the lawsuit itself had a series of discrete claims. *Cf. Dotson*, 2011 WL 817499, at *28 (internal quotations omitted).

As far as degree of success achieved, Plaintiff was successful in obtaining a jury verdict against only as against Sgt. Mauro on his Section 1983 excessive use of force claim. *See* Dkt. No. 152. Plaintiff's remaining claims as asserted in the Amended Complaint were unsuccessful. More specifically, Plaintiff alleged two federal claims against Officers Gunsalus, Mauro, Hard, LaShomb, Mims and Quonce as well as a *Monell* claim against the City. *See, generally,* Dkt. No. 22.  Of his original 13 claims, only one was successful. Attorneys' fees should be reduced by 90%. *See, e.g., Deferio v.,* 2018 WL 3069200 (accounting for plaintiff's lack of success on his *Monell* claims, the court reduced the fee award by an additional twenty-five percent [25%]).

Analyzing their financial percentage of success as an indicator of the degree of success obtained, the attorneys' fees and costs should be diminished much more.  *See, e.g., Husain*, 579 F. App'x 3;  *Dotson*, 2011 WL 817499 (where less than 50% of damages sought awarded by jury for one cause of action, attorneys' fees reduced by almost 40%); *Rivera v. Horton*, 7 F. Supp. 2d 147 (N.D.N.Y. 1998) (Court awards $0.66 in attorneys' fees as "one-third of the recovery had by plaintiff"). Plaintiff in his Amended Complaint demanded $500,000 in compensatory damages for each claim asserted therein (for a total of $1.5M), plus punitive damages.  *See* Dkt. No. 22. The jury returned with a verdict awarding Plaintiff a total of $35,000, which represents just over 2% of his

request. Therefore, their attorneys' fees and costs should be reduced proportionately across the board accordingly by 97%.

**POINT II**
**PLAINTIFF'S FAILED TO MAKE A MOTION FOR TAXABLE**
**EXPENSES WITH A VERIFIED BILL OF COSTS.**

**Taxable**, as opposed to nontaxable, costs are statutorily defined as limited to fees to the clerk, for transcripts, printing and witnesses, necessary copies, the docket, and compensation of court appointed experts. 28 U.S.C. § 1920. Applications are strictly enforced under the Local Rules:

> The party entitled to recover costs **shall file**, within thirty **(30) days after entry** of judgment, a **verified bill of costs on the** *forms* **that the Clerk provides**. The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks. The **verified bill of costs** shall include the date on which the party shall appear before the Clerk for taxation of the costs and **proof of service of a copy** on the party liable for the costs. Post-trial motions shall not serve to extend the time within which a party may file a verified bill of costs as provided in this Rule, except on a showing of good cause or an order extending the time…

N.D.N.Y.L.R. 54.1(a)(emphasis supplied). Plaintiff has not submitted a verified bill of costs provided by the Clerk, or the proper "AO 133" form. *See* Dkt. No. 159. The local rule assists in informing counsel by providing guidelines on N.D.N.Y.'s website.   N.D.N.Y.L.R. 54.1 (a). Those guidelines dictate that the bill of costs be submitted to the Clerk of Court. This can only be submitted within thirty days of the entry of the final judgment and failure constitutes a waiver by Plaintiffs' Counsel. *See* id., 54.1(c).

Where plaintiffs fail to submit a bill of costs as required by the Local Rules, courts have exercised their discretion to not award taxable costs when submission would be untimely. *See Cent. New York Laborers' Health by Moro v. Fahs Constr. Group, Inc.*, 2017 WL 5160119, at *4 (N.D.N.Y. 2017); *Gibson v. CSX Transportation, Inc.*, 2009 WL 10680308, at *2 (N.D.N.Y. 2009); *Castle v. Leach Co.*, 1998 WL 743716, at *1 (N.D.N.Y. 1998); *New York Racing Ass'n, Inc. v.*

24

*Stroup News Agency Corp.*, 920 F. Supp. 295, 303 (N.D.N.Y. 1996). Here, there is no record that a formal verified bill of costs has been filed with the Clerk of the Court, utilizing the appropriate form. *See, generally,* Dkt. No. 159.  Therefore, because Plaintiff did not conform with N.D.N.Y. Local Rule 54.1(a), his request for taxable costs should be denied. *See Monsour*, 2018 WL 3349233, at *19-*20. Moreover, because the entry of judgment was on June 24, 2019 (*see* Dkt. No. 152), the subsequent filing of a verified bill of costs would be time-barred. Therefore, $2,997.18 in taxable costs should be denied. Furthermore, here Attorney Lichtmacher asks for (taxable) costs related to filing fees, service of process, mailing, depositions, medical records, a record review, and services of an investigator. *See* Dkt. No. 159-1, pp. 17-18.  However, by federal statute the costs related to mailing, ordering of medical records, expert medical record review, and investigators are non-compensable. *See* 28 U.S.C. § 1920 ("Taxation of costs").[5]

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court reduce Plaintiff's Counsel's request for Attorney's Fees and Costs and any other relief that this Court deems just and proper.

Dated: August 13, 2019                  KRISTEN E. SMITH, ESQ.
                                        CORPORATION COUNSEL
                                        OF THE CITY OF SYRACUSE
                                        Attorney for Defendants


                                        _____/s_____
                                        By: Christina F. DeJoseph, Esq.

---

[5] "(1) Fees of the clerk and marshal;(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

Senior Assistant Corporation Counsel
*Attorney for Defendants*
233 East Washington Street
Room 300
Syracuse, New York 13202

-and-

_____/s_____
By: Todd M. Long, Esq.
Assistant Corporation Counsel
*Attorney for Defendants*
233 East Washington Street
Room 300
Syracuse, New York 13202

<u>CERTIFICATE OF SERVICE</u>

I declare under the penalty of perjury that I served the foregoing:

1. Attorney Declaration of Christina F. DeJoseph, Esq., with Exhibits "A" through "C";
2. Memorandum Of Law In Opposition To Plaintiff's Motion For Attorney's Fees And Taxable And Nontaxable Costs;

by electronically filing with the Clerk of the Court herein, which is understood to have sent notification of such filing electronically to all counselors of record *via* CM/ECF NextGen in N.D.N.Y. for the above captioned case.


Dated: August 13, 2019                    KRISTEN E. SMITH, ESQ.
       Syracuse, New York                CORPORATION COUNSEL
                                   OF THE CITY OF SYRACUSE

                                By: _____/s_____
                                     Todd M. Long, Esq.
                                     Assistant Corporation Counsel
                                     Bar Roll No. 519301
                                     *Attorney for Defendants*
                                     300 City Hall
                                     Syracuse, New York 13202
                                     Tel: (315) 448-8400
                                     Fax: (315) 448-8381
                                     E-Mail:  tlong@syrgov.net